IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER LEE THOMPSON                                     **PETITIONER**

v.                                           **No. 1:20CV84-SA-RP**

JOSHUA DAVIS, ET AL.                                    **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Christopher Lee Thompson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Thompson has responded to the motion; the State has replied, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Christopher Thompson is currently in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Alcorn County Regional Correctional Facility in Corinth, Mississippi. Thompson was convicted of manslaughter in the Circuit Court of Monroe County, Mississippi. *See* State Court Record (SCR), Vol. 1, p. 108. He was sentenced to twenty years as a habitual offender under Mississippi Code Annotated section 99-19-81 to be served in the custody of the MDOC. See Exhibit A[1]; see also SCR, Vol. 1, pp. 111-12.

On June 12, 2018, the Mississippi Court of Appeals affirmed Thompson's conviction and sentence. *See Thompson v. State*, 248 So. 3d 942 (Miss. Ct. App. 2018). Mr. Thompson did not

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Motion [11] to Dismiss.

seek rehearing in the Mississippi Court of Appeals under Mississippi Rule of Appellate

Procedure 40(a), and the mandate of the court issued on July 3, 2018.  See Exhibit C; see also

SCR, Case Folder.  Thompson had not, as of the date of the State's motion to dismiss, filed an

application for leave to seek post-conviction relief in the Mississippi Supreme Court.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).

Mr. Thompson did not timely seek the first step of discretionary review; as such, he

"stopped the appeal process" and was unable to pursue further direct review in the Mississippi

Supreme Court or the United States Supreme Court.  *See Roberts*, 319 F.3d at 693; *see also*

*Gonzalez v. Thaler*, 556 U.S. 134, 150 (2012) (holding that when a petitioner does not pursue

direct review to the Supreme Court, "the judgment becomes final at the 'expiration of the time

for seeking such review'—when the time for pursuing direct review in this Court, or in state

court, expires.")

Therefore, Thompson's conviction became final, and the statute of limitations for federal

*habeas corpus* relief began to run, when the time for seeking further direct review in the state

court expired, fourteen days after his conviction was affirmed on direct appeal. *See* Miss. R.

App. P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct

appeal is affirmed). Thus, under the AEDPA's one-year statute of limitations, Thompson's

conviction became final on June 26, 2018 (June 12, 2018, plus fourteen days). He did not

"properly file" an application for post-conviction collateral relief, as contemplated by 28 U.S.C.

§ 2244(d)(2), on or before June 26, 2019, to toll the period of limitations. Hence, he does not

enjoy statutory tolling of the limitations period, and his federal *habeas corpus* filing deadline

remained June 26, 2019. *See Grillette v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004).

## Equitable Tolling

Mr. Thompson appears to invoke equitable tolling to render his petition timely, arguing

that his "lack of knowledge" of the legal process delayed his pursuit of *habeas corpus* relief.

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the

statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th

Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the

Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not

jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230

(5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at

229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001.)

Mr. Thompson has not identified any basis to support a claim for equitable tolling of the limitations period. *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013) ("neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling); *see also Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (ignorance of law or limited access to outside information does not constitute a "rare and exceptional" circumstance to excuse untimely filing); *Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000) (neither proceeding *pro se*, inadequacies in a prison law library, nor lack of knowledge of filing deadlines constitutes a "rare and exceptional circumstance" to justify equitable tolling). Nor was Mr. Thompson diligent in pursuing *habeas*

*corpus* relief, as his conviction became final in June 2018, but he did not seek *habeas corpus* relief until March 17, 2020, twenty-one months later.  Even a four-month delay prevents a petitioner from enjoying equitable tolling.  *Melancon, supra*.  For these reasons, Mr. Thompson's *habeas corpus* filing deadline remains June 26, 2019.

Under the prison "mailbox rule," the instant *pro se* petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court.  *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition was filed sometime between the date it was signed on March 17, 2020, and the date it was received and stamped as "filed" in the district court on May 5, 2020.  Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 265 days after the June 26, 2019, filing deadline.  For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of October, 2020.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE